JAMES DAY, PLAINTIFF IN ERROR, v. THE NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, DEFENDANT IN ERROR.

Proceedings instituted by a railroad company to acquire lands by condemnation for its road in which commissioners have made their report and award of damages, from which the landowner has appealed to the Circuit Court, do not become void *ab initio*, nor abate, by reason of the consolidation and merger of the condemning company with another railroad company, forming a new corporation, under the provisions of the act of March 25th, 1881 (*Gen. Stat., p.* 2703); but the rights in the land acquired by the condemnation proceedings survive and pass to the new corporation, and it may be lawfully substituted as appellee in the Circuit Court and the causes then proceed to trial.

On error to the Bergen Circuit.

For the plaintiff in error, *Abel I. Smith, John S. Mabon* and *Cortlandt Parker.*

For the defendant in error, *John W. Griggs.*

The opinion of the court was delivered by

NIXON, J. The facts leading up to the action of the Circuit Court, for which errors have been assigned, may be summarized as follows:

On the 19th of August, 1892, application was made to Mr. Justice Dixon, by the Hudson River Railroad and Terminal Company, for the appointment of commissioners to examine and appraise the lands of plaintiff in error required by said company for its railroad, and on the 27th day of September, 1892, after due preliminary proceedings, commissioners were appointed. On the 7th day of November, 1892, the commissioners made their report, and awarded to the plaintiff the sum of $5,310 for the lands described in their report. A second application was made to the same justice, and other commissioners were appointed, who made an award

amounting to $110.10 to be paid by said company to the plaintiff for other lands to be used for its railroad.

From both of these awards appeals were taken by the plaintiff in error to the Circuit Court of Bergen county, and, by an agreement between counsel, both cases were to be tried together, and came on to be heard on the 15th day of May, 1893, before Mr. Justice Dixon in said court.

After the awards of the commissioners and while the appeals were pending, the Hudson River Railroad and Terminal Company was merged and consolidated with the New York, Susquehanna and Western Railroad Company, pursuant to the provisions of the act entitled "An act to authorize railroad companies incorporated under the laws of this and adjoining states to merge and consolidate their corporate franchises and other property," approved March 25th, 1881, and the several acts supplementary thereto.    *Gen. Stat., p.* 2703.

On the day of trial, counsel for the appellant produced a certified copy of the articles of agreement and consolidation of the two companies, and asked the court to adjudge that, by virtue of said consolidation, all proceedings theretofore had and taken to acquire the lands of appellant had become and were void *ab initio*, and that no right or benefit therefrom passed to the new consolidated company, and that the court had, by reason of such consolidation, lost all jurisdiction possessed by it in consequence of the appeals in said proceedings.

The court refused to so order and adjudge, and, upon motion of counsel for the appellee, ordered that the new consolidated company be substituted as appellee in the Circuit Court, instead of the Hudson River Railroad and Terminal Company. Thereupon, counsel for the appellant announced to the court that the appellant declined further to prosecute his appeals, and they were then, by order of the court, dismissed.

The action of the justice in refusing to adjudge as requested by counsel for the appellant in the court below, and in substituting the new company as appellee in said causes, and in

ordering the same to proceed to trial, are the errors claimed to have been made, and to which exceptions were taken, as appears by the record.

It is not shown nor is it alleged that, in the consolidation of the two railroad companies into the new corporation, there has not been a full compliance with all of the requirements and provisions of the act of March 25th, 1881, authorizing the companies to merge, and therefore only the legal results of the merger are now to be considered.

Section 4 of the said act provides " that upon the consummation of said act of consolidation as aforesaid, all and singular, the rights, privileges and franchises of each of said corporations, parties to the same, and all property, real, personal and mixed, and all debts due on whatever account, as well as of stock subscriptions and other things in action belonging to each of such corporations, shall be taken and deemed to be transferred to and vested in such new corporation without further act or deed ; and all property, all rights of way and all and every other interests shall be as effectually the property of the new corporation as they were of the former corporations, parties to said agreement; and the title to real estate, either by deed or otherwise, under the laws of this state, vested in either of such corporations, shall not be deemed to revert, or be in any way impaired by reason of this act."

The language of the statute is explicit and no discussion of its terms is required.

It is claimed in argument that this provision of the act to keep alive and transfer all rights and interests of the constituent companies and transmit them to the new corporation, relates only to the rights and interests of the roads thus merged, but does not include or affect the rights of third persons not connected in any way with the consolidation. But we think such a construction of the act is entirely too narrow and contrary to its express terms as well as its evident meaning and purpose. The rights and interests that affect third persons or the public are also included.

In the case of *Tomlinson* v. *Branch*, 15 *Wall.* 460, where a consolidation of the South Carolina Canal and Railroad Company, under a statute of that state, providing, among other things, that "thereupon and thereafter all the rights, privileges and property belonging to the said South Carolina Canal and Railroad Company shall be vested in the said South Carolina Railroad Company," Mr. Justice Bradley, in delivering the opinion of the court, in referring to the legal effect of this provision of the act, said (at page 465): "The keeping alive of the rights and privileges of the old company and transferring them to the new company, in connection with the property, indicates the legislative intent that such property was to be holden in the same manner and subject to the same rights as before. The owners of the property were to lose no rights by the transfer, nor was the public to lose any rights thereby. Of course, these remarks do not apply to those corporate rights and franchises of the old company which appertain to its existence and functions as a corporation. These became merged and extinct. But all its rights and duties, its privileges and obligations, as related to the public and third persons, remain and devolve upon the new company."

Whether such rights pass by virtue of a special enactment or by a general act, is immaterial, the meaning and object of this provision of the acts being substantially the same in both cases.

It is also insisted that while a general right to condemn lands for its road would survive and pass to the new corporation that instituted but incompleted proceedings to acquire land for its railroad, are not in any sense property, or rights, or things in action, or such other interests as could be the subject of transfer by virtue of the merger under the act of March 25th, 1881.

We can see no ground for such a contention. Rights are of various kinds, inchoate as well as absolute, and no distinction is made between any of these rights in the terms of the act. That the Hudson River Railroad and Terminal Company had acquired both a right and interest in the lands of

the plaintiff in error, which had been condemned and for which damages had been duly assessed and awarded by commissioners before its merger with the New York, Susquehanna and Western company, cannot be doubted. Its right to take complete possession and control of these lands only awaited the determination of the appeals then pending in the Circuit Court.

In the case of *Mettler* v. *Easton and Amboy Railroad Company,* 10 *C. E. Gr.* 214, the Chancellor, in discussing the effect of condemnation proceedings upon the rights of the person whose land had been taken, and pending an appeal, said (at page 218) : " The condemnation proceedings deprived him of his full dominion over his property. From that time he could not sell, lease or pledge it. At most he could only occupy it until his compensation should have been fixed and paid or tendered to him."

The rights thus obtained by the Hudson River Railroad and Terminal Company in the lands of the plaintiff in error, by the instituted but incompleted proceedings to condemn, were both important and valuable, and they passed to and were vested in the new corporation by reason of the merger and consolidation.

In the case of *California Central Railway Co.* v. *Hooper,* 76 *Cal.* 404, many questions similar to those raised in this case were discussed by the court and disposed of. In speaking of certain proceedings instituted by the company for the condemnation of land for the use of its road the court said : " The agency is in its nature an office ; the corporation is a trustee prosecuting the proceedings primarily for the state which, by its legislature, has declared the use to be public. By permitting a consolidation of the corporation with others, and the creation of a new corporation thereby, the new creature is made a corporation like each of the others. Aside from the franchise, to be a corporation which is the same as that of each of the consolidating companies, it acquires the rights and franchises to build and operate the roads which all the others had the right to build and operate ; and with this last, the

right to commence or prosecute an action for condemnation of property necessary to the building and operation of each of such roads. Had consolidation occurred before the commencement of this proceeding, the plaintiff could have begun it; by reason of the subsequent consolidation it took the place, in all respects, so far as this proceeding is concerned, of the original plaintiff."

We hold that the New York, Susquehanna and Western Railroad Company was lawfully substituted as appellee in the causes pending in the Circuit Court of Bergen county.

Judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, NIXON.   11.

*For reversal*—None.